**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES I LLC and** | § | |
| **INTELLECTUAL VENTURES II LLC** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Case No.: _____ |
| | § | |
| **FTD COMPANIES, INC.;** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC file this Original Complaint for Patent Infringement against FTD Companies, Inc. ("FTD" or "Defendant") and allege as follows:

### I.  NATURE OF THE SUIT

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### II.  THE PARTIES

2.     Plaintiff **Intellectual Ventures I LLC** ("Intellectual Ventures I") is a Delaware limited liability company having its principal place of business at 3150 139th Avenue Southeast, Bellevue, Washington 98005.

3.      Plaintiff **Intellectual Ventures II LLC** ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business at 3150 139th Avenue Southeast, Bellevue, Washington 98005.

4.      Defendant **FTD Companies, Inc.** is a Delaware corporation with its principal place of business at 3113 Woodcreek Drive, Downers Grove, Illinois 60515. FTD Companies, Inc. is a company that provides floral, gift, and related products and services throughout the United States, including in the State of Texas and in the Eastern District of Texas. FTD Companies, Inc. can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

### III.  JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Defendant maintains continuous and systematic contacts within this District. FTD is "a premier floral and gifting company with a vision to be the leading and most trusted floral and gifting company in the world." FTD provides floral, gift, and related products and services to consumer, retail florists, and other retail locations and companies in need of floral and gifting solutions.

7.      FTD's business in the United States, including Texas and this District, operates primarily through its websites – such as www.ftd.com – associated mobile sites, and network members. The FTD floral network includes traditional retail florists, as well as other retail locations offering floral and related products, located throughout the United States, including Texas and this District. FTD provides its floral network members, including those in Texas and

in this District, with a comprehensive suite of products and services, including services that enable the FTD floral network members to send, receive, and deliver floral orders.

8.      Defendant, directly or through intermediaries, has conducted and conducts substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## IV. BACKGROUND

9.      Intellectual Ventures was founded in 2000 on the fundamental premise that inventions are valuable. Since its founding, Intellectual Ventures has built on this premise by working to ensure that a market for invention continues to thrive. Intellectual Ventures creates inventions and files patent applications for those inventions, collaborates with others to develop and patent inventions, and acquires and licenses patents from individual inventors, universities, and other institutions.

10.     Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 IP assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures has

committed over $6 billion in capital for inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

11.     Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and files hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

12.     Intellectual Ventures also invents by collaborating with inventors and research institutions around the world. Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing for patents on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

13.     This case involves patents that Intellectual Ventures acquired as part of creating a market for important inventions.  These important patents include: United States Patent No. 6,782,370, entitled "System And Method For Providing Recommendation Of Goods Or Services Based On Recorded Purchasing History" (the "'370 Patent");   U.S. Patent No. 6,633,900, entitled "Mobile Crew Management System For Distributing Work Order Assignments To Mobile Field Crew Units" (the "'900 Patent"); and U.S. Patent No. 5,969,324, entitled

"Accounting Methods And Systems Using Transaction Information Associated With A Nonpredictable Bar Code" (the "'324 Patent") (collectively, the "Patents-in-Suit").

14.     The '370 Patent was duly and lawfully issued by the USPTO to original assignee Cendant Publishing, Inc. on August 24, 2004. A copy of the '370 Patent is attached hereto as Exhibit A.

15.     Plaintiff Intellectual Ventures II LLC is the owner and assignee of all rights, title, and interest in and to the '370 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

16.     The '900 Patent was duly and lawfully issued by the USPTO to original assignee ABB Inc. on October 14, 2003. A copy of the '900 Patent is attached hereto as Exhibit B.

17.     Plaintiff Intellectual Ventures II LLC is the owner and assignee of all rights, title, and interest in and to the '900 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

18.     The '324 Patent was duly and lawfully issued by the USPTO to original assignee Motorola, Inc. on October 19, 1999. A copy of the '324 Patent is attached hereto as Exhibit C.

19.     Plaintiff Intellectual Ventures I LLC is the owner and assignee of all rights, title, and interest in and to the '324 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

20.     FTD recognizes the importance of anticipating and responding to customer demands in the marketplace, providing a variety of purchase options (such as websites, associated mobile sites, mobile apps, and retail shops) and ensuring high quality and timely delivery of products to customers by improving the efficiency of its fulfillment and logistics operations.  FTD has implemented multiple systems and methods that infringe the Patents-in-

Suit to ensure, among other reasons, these important measures are fulfilled.

21.     FTD collects customer information, such as account information, sales transaction information, and purchase history, and electronically stores that information through order entry and point of sale transactions.   FTD's point-of-sale system—FTD Mercury Point of Sale solution—creates certain transaction information and associates the transaction information with various types of nonpredictable bar codes. For example, the products sold are identified with and associated with product bar codes associated with a customer's account number. The nonpredictable barcode may be used to retrieve the information collected and stored by FTD.

22.     Additionally, information collected by FTD enables it to personalize its customers' online shopping experience.  Through the FTD MyBuys Recommendation solution, FTD is able to personalize a customer's online session based off of past and current behavior and activities of that particular customer.  FTD does this, in part, by collecting and electronically storing customers' current and past shopping history as well as their current and past on-site preferences and behavior. The customer information that FTD collects and electronically stores is, along with information collected and stored about other customers, subsequently correlated with FTD's catalog of products to provide online recommendations through the FTD Mercury MyBuys Recommendation solution.

23.     FTD also uses FTD Mercury Mobile to increase efficiency and add value to services and products.  FTD Mercury Mobile enables a user to assign, route, locate, and track deliveries to ensure timely and efficient delivery. Delivery personnel may receive and access this and other delivery related information using a smartphone and/or other mobile devices. Mercury Mobile can be used in conjunction with the FTD Mercury Point of Sale solution. Users and delivery personnel may use FTD Mercury Mobile to update delivery information in real time.

## V.  CLAIMS

24.     All preceding paragraphs are incorporated by reference.

25.     Based on the above-described services and products, Plaintiffs assert the following against Defendant:

## CLAIM 1
### Direct Patent Infringement of the '370 Patent

26.     FTD has directly infringed and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '370 Patent in violation of 35 U.S.C. § 271(a) by making and using in the United States, without Plaintiffs' authority, systems and/or methods used to implement MyBuys Recommendations solution. The MyBuys Recommendation solution is a computer-implemented solution for recommending goods to customers, using a customer's buying history and other information, over a network. By way of example only and without limiting Plaintiffs' claims to this specific example, FTD's implementation and use of the MyBuys Recommendations solution on the website www.ftd.com infringes at least claim 1 of the '370 Patent.

27.     MyBuys Recommendation Solution is an information processing system containing processing means having transmission means for receiving and transmitting data, and database storage means for storing information in database files.

28.     On information and belief, the MyBuys Recommendation Solution receives customer commands specifying a particular good or service to be used as filter data.

29.     On information and belief, the MyBuys Recommendation Solution stores information pertaining to goods and/or services purchasing history of previous customers.

30.     On information and belief, the MyBuys Recommendation Solution compares said filter data with said stored information and determines whether, for said filter data, corresponding entries exist within the stored information.

31.     On information and belief, the MyBuys Recommendation Solution will, if corresponding entries exist, display the identity of other goods and/or services purchased by said previous customers who have purchased the good and/or service used as said filter data.

32.     Plaintiff Intellectual Ventures II LLC has been injured and seeks damages to adequately compensate it for FTD's infringement of the '370 Patent.  Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

33.     FTD will continue to infringe the '370 Patent unless enjoined by this Court. Plaintiff Intellectual Ventures II LLC therefore requests that this Court enter an order under 35 U.S.C. § 283 permanently enjoining FTD from continuing to make or use the products and processes accused of infringing the '370 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '370 Patent.

**CLAIM 2**
**Direct Patent Infringement of the '900 Patent**

34.     FTD has directly infringed and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '900 Patent in violation of 35 U.S.C. § 271(a) by making and using in the United States, without Plaintiffs' authority, system(s) used to implement FTD Mercury Mobile.  By way of example only and without limiting Plaintiffs' claims to this specific example, FTD's implementation and use of FTD Mercury Mobile to schedule, route, locate, and track deliveries infringes at least claim 1 of the '900 Patent.

35.     FTD Mercury Mobile distributes work order assignment data to a field crew using a system having an enterprise computing system and at least one mobile field unit.

36.     On information and belief, FTD Mercury Mobile updates a database on the enterprise computing system to indicate an assignment has been assigned to the field crew.

37.     On information and belief, FTD Mercury Mobile notifies the field crew of the assignment.

38.     On information and belief, FTD Mercury Mobile in response to the input of field crew login data, verifies field crew identity.

39.     On information and belief, FTD Mercury Mobile notifies the field crew of successful login.

40.     On information and belief, FTD Mercury Mobile retrieves and presents a list of assignments to the field crew.

41.     On information and belief, FTD Mercury Mobile, in response to field crew input selecting an assignment from the list of assignments, retrieves detailed assignment data for the selected assignment.

42.     On information and belief, FTD Mercury Mobile displays the detailed assignment data to the field crew.

43.     On information and belief, FTD Mercury Mobile, in response to field crew input identifying an action was taken with regard to the assignment, updates the detailed assignment data.

44.     Plaintiff Intellectual Ventures II LLC has been injured and seeks damages to adequately compensate it for FTD's infringement of the '900 Patent.  Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

45.     FTD will continue to infringe the '900 Patent unless enjoined by this Court. Plaintiff Intellectual Ventures II LLC therefore requests that this Court enter an order under 35

U.S.C. § 283 permanently enjoining FTD from continuing to make or use the products and processes accused of infringing the '900 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '900 Patent.

## CLAIM 3
## Direct Patent Infringement of the '324 Patent

46.     FTD has directly infringed and continues to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '324 Patent in violation of 35 U.S.C. § 271(a) by making and using in the United States, without Plaintiffs' authority, system(s) used with non-predictable barcodes to collect transaction information and at the point-of-sale. By way of example only and without limiting Plaintiffs' claims to this specific example, FTD's implementation and use of non-predictable barcodes with its point-of-sale system, including its FTD Mercury Point of Sale solution, infringes at least claim 1 of the '324 Patent.

47.     FTD's point of sale system associates non-predictable barcodes with transaction information related to product purchases and returned items.

48.     On information and belief, the FTD Mercury Point of Sale solution receives and stores transaction information associated with a nonpredictable bar code, the transaction information generated by a transaction terminal.

49.     On information and belief, the FTD Mercury Point of Sale solution receives a request for the transaction information including data associated with the nonpredictable bar code.

50.     On information and belief, the FTD Mercury Point of Sale solution retrieves the transaction information based upon the nonpredictable bar code.

51.     On information and belief, the FTD Mercury Point of Sale solution communicates the transaction information.

52.     Plaintiff Intellectual Ventures I LLC has been injured and seeks damages to adequately compensate it for FTD's infringement of the '324 Patent.  Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

53.     FTD will continue to infringe the '324 Patent unless enjoined by this Court. Plaintiff Intellectual Ventures I LLC therefore requests that this Court enter an order under 35 U.S.C. § 283 permanently enjoining FTD from continuing to make or use the products and processes accused of infringing the '324 Patent and from further infringement, contributory infringement, and/or inducing infringement of the '324 Patent.

## VI.  NOTICE

54.     All preceding paragraphs are incorporated by reference.

55.     At least by filing and serving this Original Complaint for Patent Infringement, Plaintiffs have given FTD written notice of its infringement.

## VII.  DAMAGES

56.     All preceding paragraphs are incorporated by reference.

57.     For the above-described infringement, Plaintiffs have suffered injury and seek damages to adequately compensate them for FTD's infringement of the Patents-in-Suit.  Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

## VIII.  JURY DEMAND

58.     Plaintiffs request a jury trial of all issues triable of right by a jury.

## IX.  PRAYER FOR RELIEF

59.     WHEREFORE, Plaintiffs respectfully request the following relief:

   a.   A judgment that FTD has infringed the '370 Patent, whether literally or under the doctrine of equivalents, as described herein;

b.  A judgment that FTD has infringed the '900 Patent, whether literally or under the doctrine of equivalents, as described herein;

c.  A judgment that FTD has infringed the '324 Patent, whether literally or under the doctrine of equivalents, as described herein;

d.  A judgment and order requiring FTD to pay damages, costs, expenses, and pre-judgment and post-judgment interest for FTD's infringement of the '370 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

e.  A judgment and order requiring FTD to pay damages, costs, expenses, and pre-judgment and post-judgment interest for FTD's infringement of the '900 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

f.  A judgment and order requiring FTD to pay damages, costs, expenses, and pre-judgment and post-judgment interest for FTD's infringement of the '324 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

g.  An order under 35 U.S.C. § 283 permanently enjoining FTD from continuing to make or use the products and processes accused of infringing the '370 Patent and from further infringement, contributory infringement, and/or inducing infringement of the ' 370 Patent;

h.   An order under 35 U.S.C. § 283 permanently enjoining FTD from continuing to make or use the products and processes accused of infringing the '900 Patent and from further infringement, contributory infringement, and/or inducing infringement of the ' 900 Patent;

i.   An order under 35 U.S.C. § 283 permanently enjoining FTD from continuing to make or use the products and processes accused of infringing the '324 Patent and from further infringement, contributory infringement, and/or inducing infringement of the ' 324 Patent;

j.   Such other and further relief as the Court deems just and proper.

DATED: March 8, 2016

Respectfully submitted,

_____
**DEREK GILLILAND**
**ATTORNEY-IN-CHARGE**
TEXAS STATE BAR NO. 24007239
dgilliland@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Dr.
Daingerfield, Texas 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-5389

**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
kirkvoss@me.com
**WINN CUTLER**
TEXAS STATE BAR NO. 24084364
winncutler@nixlawfirm.com
**CHRISTIAN HURT**
TEXAS STATE BAR NO. 24059987
christianhurt@nixlawfirm.com
**ROSS LEONOUDAKIS**
TEXAS STATE BAR NO. 24087915

rossl@nixlawfirm.com
**NIX PATTERSON & ROACH, L.L.P.**
1845 Woodall Rogers Frwy., Suite 1050
Dallas, Texas  75201
Telephone: (972) 831-1188
Facsimile: (972) 444-0716

**BEN KING**
TEXAS STATE BAR NO. 24048592
benking@nixlawfirm.com
**NIX PATTERSON& ROACH, L.L.P.**
2900 St. Michael Dr., Ste. 500
Texarkana, Texas 75503
Telephone: (903) 223-3999
Facsimile: (903) 223-8520

**COUNSEL FOR PLAINTIFFS
INTELLECTUAL VENTURES I LLC AND
INTELLECTUAL VENTURES II LLC**